UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TED JOSEPH HARBAUGH,

      **Plaintiff,**

v.                                             Case No. 24-CV-850

SERGEANT ROBI J HERTRAMPF,
LIEUTENANT MR. TRUM, and
WES RAY,

      **Defendants.**

## ORDER

    Plaintiff Ted Joseph Harbaugh, who is currently incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging the defendants violated his constitutional rights. (ECF No. 1.) This order screens his complaint.

    The court has jurisdiction to screen the complaint in light of Harbaugh's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the

United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Harbaugh's Allegations*

Harbaugh alleges that on March 21, 2024, while he was incarcerated at Oakhill Correctional Institution and working as an inmate worker at the Oregon State Farm, defendant supervising officer Robi J. Hertrampf caused his leg to be crushed. (ECF No. 1 at 2-3.) Specifically, he alleges that a cow was stuck in the "J-bunk feeder." (*Id.* at 2.) After attempting to free the cow on his own, Harbaugh told Hertrampf that the cow was stuck. (*Id.*) Hertrampf decided to use a skid loader to attempt to dislodge the cow. (*Id.*) After one failed attempted, Hertrampf instructed Harbaugh to enter the J-bunk feeder and hold the cow's head while Hertrampf pushed the J-bunk feeder with the skid loader. (*Id.*) During the operation, Harbaugh became "wedged between the 'J-bunk' and an area of concrete block immediately next to the 'J-bunk'. Mr. Harbaugh's leg, foot, and ankle were crushed as a result of the negligent orders from Mr. Hertrampf." (*Id.* at 2-3.)

Upon learning that Harbaugh was stuck, Hertrampf immediately began pushing the "J-bunk" to dislodge Harbaugh. (ECF No. 1 at 3.) Once Harbaugh was freed, it was clear that he could not place weight on his right leg. (*Id.*) Hertrampf

3

"then rendered aid to Mr. Harbaugh, helping him to the main office located on the farm . . .and contacted security staff at Oakhill Correctional Institution." (*Id.*) Harbaugh was taken immediately to the UW Hospital, where an x-ray showed that he had multiple broken bones. (*Id.*) Harbaugh had surgery wherein two screws were placed into his bone to repair the break. (*Id.*) Harbaugh seeks $500,000 in damages (*Id.* at 4.)

*Analysis*

Harbaugh does not include any allegations involving Lieutenant Trum and Wes Ray. As such, they are dismissed as defendants in this case.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). At most, Harbaugh has stated a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence requires the plaintiff to allege: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp,* 242 Wis. 2d 507, 520 (Wis. 2001). But a federal court does not have jurisdiction to decide cases that involve only state-law claims unless a plaintiff can demonstrate that the court has diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. §1332.

Harbaugh seeks $500,000 in damages, but he has not alleged that he and Hertrampf are citizens of different states. In fact, his complaint alleges that he and Hertrampf are both citizens of Wisconsin and that he believes Hertrampf was negligent. Because the complaint does not allege a violation of a federal law or the federal Constitution, and because the plaintiff and the defendant both live in the same state, this federal court does not have subject-matter jurisdiction over the plaintiff's state-law claim against the defendant.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Because Harbaugh's complaint is thorough in its allegations of facts surrounding this claim, the court finds that further amendment would be futile.

Thus, Harbaugh's claim is dismissed. However, the court will dismiss the claim without prejudice, which means that Harbaugh may file his suit in Wisconsin state court.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing

in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

6